IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RONDEY ARNOLD THORNTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-08-WKW |
| | ) | [WO] |
| JIM ROOT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On January 5, 2025, Rondey Arnold Thornton filed a document titled "Invocation of Iura Novit Curia to Bring About Habeas Corpus Relief Sua Sponte" (Doc. # 1), and his case was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Thornton, who alleges he is detained in the Macon County Sheriff's Office Correctional Facility, appears to challenge, in part, the legality of his detention. He claims he is tribally known as "Red Chief" and that law enforcement officials for Macon County, Alabama, allegedly misidentified, misnamed, and arrested him under the name of "Rondey Arnold Thornton." Mr. Thornton also alleges he has been held in the Macon County Jail without required medical care or a special diet since his arrest on October 31, 2024, and he seeks immediate release from custody.

Because Mr. Thornton's petition appeared to assert claims for relief under 28 U.S.C. § 2241 and 42 U.S.C. § 1983, the court ordered him to file a notice by February 14, 2025, indicating whether he intended to proceed under § 2241, § 1983, or both. (*See* Doc. # 2.) The order also warned that a failure to comply would ultimately result in dismissal. To date—more than two months after the deadline to file the required notice—Mr. Thornton has failed to comply or otherwise respond to the court's Order.

Based on Mr. Thornton's failure to comply with the court's order, this action will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (providing that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this case, the court finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 17th day of April, 2025.

                                      /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE